In re the Administration of the Estate of S. W. MARTIN, Deceased.

(Filed 26 May, 1923.)

1. **Executors and Administrators—Revocation of Letters—Procedure— Motives.**

A motion upon petition to set aside letters of administration of a deceased person, before the clerk of the Superior Court who had granted them, is the proper method.

**2. Appeal and Error — Executors and Administrators — Revocation of Letters—Findings—Evidence.**

The findings of fact by the judge of the Superior Court upon appeal from the clerk of the Superior Court refusing to set aside letters of administration the latter had issued, are conclusive on appeal when supported by competent evidence.

**3. Executors and Administrators—Domicile—Intent.**

Where letters of administration are sought to be set aside for the want of domicile of the deceased in the county of the Superior Court clerk who issued them, upon the ground that the deceased had changed his domicile to another county, the physical living in the latter county by the deceased before his death, without the intent to become domiciled there, is not a change thereof that will authorize the granting of petitioner's motion.

**4. Same.**

Where the father of a minor son who has taken his son and his family with him to work in another county, without intent to change his domicile, and he has thereafter brought action for damages for the wrongful death in the county he had left, the motion and petition of the defendant in the action to revoke the letters of administration will be denied.

Appeal by petitioners from *McElroy, J.,* at November Term, 1922, of Yadkin.

Petition to revoke letters of administration granted by the clerk of the Superior Court of Yadkin County to J. C. Martin as administrator of the estate of S. W. Martin, deceased. From an order affirming the judgment of the clerk, denying the petition, the petitioners have appealed to this Court.

*Swink, Clement & Hutchins and O. O. Efird for petitioners.*
*Williams & Reavis and Johnson J. Hayes for respondent.*

Stacy, J. Petition and motion of P. H. Hanes Knitting Company and Dr. Wortham Wyatt to revoke letters of administration, heard on appeal from the clerk of the Superior Court, before his Honor, P. A. McElroy, at the November Term, 1922, Yadkin Superior Court. Upon competent evidence, his Honor found the following facts and embodied them in his judgment:

"1. That S. W. Martin, deceased, was a minor, and at the time of his death, 1 August, 1921, was about 18 years of age, residing with his father, J. C. Martin, with whom he resided all his life; and that at the time of his death he was living with his father at Hanes, Forsyth County, North Carolina, and the domicile of said S. W. Martin was the same as that of his father.

"2. That J. C. Martin was born and raised in Yadkin County and lived there until 1919, save and except on a few occasions when he lived

temporarily in Forsyth County, N. C., to work for wages, and always with the intention to return to his home in Yadkin County. That Yadkin County was his domicile by birth, and that J. C. Martin never abandoned his domicile in Yadkin County, but has at all times had the intention of making Yadkin County his permanent home, and when he lived outside Yadkin County he had the intention of returning to his home in Yadkin County.

"3. That during the year 1919 J. C. Martin and his family again moved to Hanes, Forsyth County, N. C., leaving a part of his household goods in their home in Yadkin County, having the intention at the time of said removal, and at all times thereafter, to return to their home in Yadkin County, and never at any time abandoned their intention to return to their said home in Yadkin County, and did not establish a domicile elsewhere.

"4. That J. C. Martin and his brother bought a small farm in Yadkin County in 1914; that since the purchase he and his brother erected a dwelling-house on this land, and it was in this house that J. C. Martin and his family, including the deceased, S. W. Martin, lived until their removal to Hanes, N. C., in February, 1919, and to which at all times he and his family, including S. W. Martin, intended to return, and to which J. C. Martin and his family did return in March, 1922.

"5. That J. C. Martin listed such personal property as he had in Forsyth County for the year 1920 for taxes in Forsyth County for said year, giving his age at 50 years; that he and his wife and daughter registered and voted in the primary and general election for the year 1920 in Forsyth County, but that said J. C. Martin, prior and subsequent thereto, repeatedly and to divers persons declared his intention to move back to his home in Yadkin County, and that he did not intend to make his home in Hanes, N. C.

"6. That in the fall of 1919 J. C. Martin and his brother purchased a team of mules with the intention of returning to his home in Yadkin County to make a crop for the year 1920, but that he and his family were stricken with influenza and thereby prevented from returning during that year; that in September, 1921, he purchased a cow from Hal Miller and left her in care of J. H. Renegar to keep for him until he came back to his home in Yadkin County, and that he did move back to his home in Yadkin County in March, 1922, where he has since resided.

"7. That the domicile of S. W. Martin at the time of his death was in Yadkin County, and at the time thereof the domicile of J. C. Martin was in Yadkin County.

"8. That neither J. C. Martin nor S. W. Martin ever abandoned their domicile in Yadkin County, and while they at times lived outside of

Yadkin County, they at all times had the intention of returning to their permanent home in Yadkin County.

"9. That S. W. Martin died intestate and letters of administration were issued to J. C. Martin by the clerk of the Superior Court of Yadkin County on 1 July, 1922; that J. C. Martin, administrator of S. W. Martin, deceased, instituted an action in the Superior Court of Yadkin County against P. H. Hanes Knitting Company, and Dr. Wortham Wyatt, the summons being issued 1 July, 1922, and served 3 July, 1922, to recover $20,000 damages of the defendants for the alleged wrongful death of S. W. Martin, deceased."

Upon the foregoing facts it was adjudged that S. W. Martin was domiciled in Yadkin County at the time of his death, and that the letters of administration issued to J. C. Martin as administrator of the estate of S. W. Martin, deceased, were properly granted by the clerk of the Superior Court of Yadkin County. Whereupon, the petition to recall or revoke said letters of administration was denied. The judgment must be affirmed under authority of our decisions.

The method here pursued in hearing and determining the motion of petitioners finds approval in the following cases: *In re Meadow's Will, ante,* 99; *In re Johnson,* 182 N. C., 522; *In re Battle,* 158 N. C., 388, and cases there cited.

The findings of fact made by the judge of the Superior Court, found as they were upon competent evidence, are conclusive on us, and we must base our judgment upon his findings, which amply sustain his order. *In re Hamilton,* 182 N. C., 44; *S. c.,* 183 N. C., 57; *Stokes v. Cogdell,* 153 N. C., 181.

Domicile is a question of fact and intention. Hence, to effect a change of domicile there must be an actual abandonment of the first domicile, coupled with an intention not to return to it, and there must be a new domicile acquired by actual residence at another place, or within another jurisdiction, coupled with the intention of making the last acquired residence a permanent home. The judge finds that no such change took place here. *Horne v. Horne,* 31 N. C., 105; *Hayes v. Hayes,* 74 Ill., 312; *Roanoke Rapids v. Patterson,* 184 N. C., 137; *Reynolds v. Cotton Mills,* 177 N. C., 415, and cases there cited.

Upon the record, the judgment must be upheld.

Affirmed.