ASBURY TYER, ADMINISTRATOR OF IRVING TYER v. J. B. BLADES LUMBER COMPANY.

(Filed 1 October, 1924.)

1. **Administration — Clerks of Court — Jurisdiction—Executors and Administrators—Proceedings to Revoke Letters—Domicile—Findings of Fact—Appeal and Error.**

   The finding of fact by the clerk of the Superior Court, upon petition to revoke letters of administration upon the ground that intestate was domiciled in a different county from the one having issued the letters, is conclusive in the Supreme Court on appeal from the judgment of the Superior Court adopting the affirmative findings of fact found by the clerk and sustaining his judgment as to jurisdiction, when there is legal evidence upon which his findings may be sustained.

2. **Administration—Executors and Administrators—Clerks of Court—Appointment by Clerk—Priority of Right.**

   Upon petition to revoke letters of administration the petitioner may not avail himself of the fact that the deceased left a widow who was entitled to administer upon his estate instead of a brother of deceased to whom the letters were duly granted, when she has shown no disposition to set up this right before the clerk having issued the letters and has apparently acquiesced in the appointment of the clerk. C. S., 8 (2).

PETITION to revoke letters of administration issued to the plaintiff by the clerk of the Superior Court of BEAUFORT. Heard by *Brown, J.,* upon appeal from the clerk's order.

The plaintiff brought suit to recover damages for the alleged negligent killing of his intestate while operating a saw in the defendant's mill. The complaint and answer were duly filed. Thereafter the defendant made a motion before the clerk of the Superior Court of Beaufort to vacate and set aside the plaintiff's letters. The plaintiff filed an answer to the petition and at the hearing the clerk heard evidence from which he found the following facts:

1. That Irving Tyer was killed on Friday, 11 August, 1922, while working in the sawmill of the J. B. Blades Lumber Company, at Bridgeton, N. C.

That at the time of his death the said Irving Tyer was living in a cottage on the mill premises of the J. B. Blades Lumber Company, which said cottage was rented to him by the J. B. Blades Lumber Company, while he worked at said mill. That the said Irving Tyer had four minor children who were living with him in said cottage. That at the time of his death the wife of the said Irving Tyer, Annie Jordan Tyer, was not living with the said Irving Tyer, but was residing in the city of Philadelphia, State of Pennsylvania; that the said Annie Jordan Tyer had not resided with her husband and children for several years prior to the death of the said Irving Tyer.

2. That on 21 September, 1922, Asbury Tyer, a brother of the deceased, Irving Tyer, duly qualified as administrator of the said Irving Tyer before the clerk of the Superior Court of Beaufort County, North Carolina, giving the necessary and required bond and promptly thereafter instituted an action for damages against the J. B. Blades Lumber Company for the wrongful death of his intestate.

3. That at the time of the death of the said Irving Tyer, the said Irving Tyer was domiciled in Beaufort County, and did not at any time change his domicile from said county to any other county; that the said Irving Tyer was temporarily working in Bridgeton, N. C., and had his children with him at said time, but intended to retain his domicile in Beaufort County and to return to Beaufort County as the place of his domicile.

That at the time of his death the said Irving Tyer had part of his personal effects, including his cooking stove, in Beaufort County. That the said Irving Tyer had often explained his absence from Beaufort County as being for a temporary purpose and frequently stated that he intended to retain his domicile in Beaufort County. That the said Irving Tyer preferred to work in and around mills and gins to working in crops, and at certain seasons of the year when he could not obtain work in mills and gins temporarily worked in Bridgeton, N. C., for the J. B. Blades Lumber Company and others, but always with the intention to return to Beaufort County.

The judgment was as follows:

From the foregoing findings of facts it is ordered, adjudged and decreed, by the court that the said Irving Tyer was domiciled in the county of Beaufort at the time of his death, and that letters of administration upon the estate of said Irving Tyer are duly and properly issued to the said Asbury Tyer by the clerk of the Superior Court of Beaufort

County, and it is, therefore, ordered adjudged and decreed that the petition to revoke the said letters of administration be dismissed at the cost of the petitioner, J. B. Blades Lumber Company. This the 1st day of October, 1923.

The defendant excepted and upon appeal Brown, J., adopted the clerk's findings of fact and affirmed his judgment. The defendant excepted and appealed to this Court.

*Ward & Grimes, W. A. Thompson, and Harry McMullan for plaintiff. O. H. Guion for defendant.*

ADAMS, J. The clerk of the Superior Court of each county has jurisdiction, within his county, to grant letters of administration in cases of intestacy, where the decedent at or immediately previous to his death was domiciled in the county of such clerk, wherever such death may have occurred. The place of the intestate's domicile was put in question by the defendant's petition (*Reynolds v. Cotton Mills,* 177 N. C., p. 424) and was considered and determined by the clerk and by the judge on appeal. It is stated in the judgment that although the deceased had been temporarily at work for the defendant in Craven County, he died domiciled in the county of Beaufort; and as the findings of fact are supported by competent evidence they are as conclusive as the verdict of a jury. *Matthews v. Fry,* 143 N. C., 384; *Stokes v. Cogdell,* 153 N. C., 181; *In re Martin,* 185 N. C., 472. The deduction that the deceased was domiciled in Beaufort County is fortified, in our opinion, by abundant authority. *Reynolds v. Cotton Mills, supra; Roanoke Rapids v. Patterson,* 184 N. C., 135; *In re Martin, supra; Thayer v. Thayer,* 187 N. C., 573. It is only in the absence of a domicile in this State that assets in the county will confer jurisdiction to grant such letters. *Reynolds v. Cotton Mills, supra,* p. 420. However, it appears that a part of the intestate's personal effects were in Beaufort County at the time of his death. It follows, then, that the clerk of the Superior Court of Beaufort had jurisdiction to grant letters of administration upon the intestate's estate.

The defendant contends that the widow of the deceased had the prior right to letters of administration; but the judgment recites that she made her home in Philadelphia and for several years had not lived with her husband and children, and the plaintiff contends that for this reason she was without right to administer. *Hall v. R. R.,* 146 N. C., 345; *Boynton v. Heartt,* 158 N. C., 488; C. S., 8 (2). We deem it unnecessary to consider this question. The appointment of Asbury Tyer, a brother of the deceased, was not void, and the widow has not applied in this

proceeding to effect his removal. On the contrary it appears from papers on file in this cause that she has no purpose to intervene or to interfere with the present administration of her husband's estate. *Garrison v. Cox,* 95 N. C., 353; *Lyle v. Siler,* 103 N. C., 262; *Williams v. Neville,* 108 N. C., 559.

The judgment is
Affirmed.