IN THE MATTER OF HENRY BANE, ADMINISTRATOR OF THE ESTATE OF CHARLES WILLIAM HILL, DECEASED.

(Filed 10 January, 1958.)

**1. Executors and Administrators § 2a—**

Where motion is made by the widow of decedent to vacate letters of administration issued by the clerk on the ground that decedent, at the time of his death, was not a resident of this State, but was a resident of another state in which the widow had been appointed and qualified as administratrix, the proceeding is not one to remove an administrator under G.S. 28-32, but is an attack of the letters entered here on the ground of want of jurisdiction, and when neither the clerk nor the judge makes any finding as to the jurisdictional fact of residence, judgment denying the motion must be set aside and the cause remanded.

**2. Appeal and Error § 49—**

Where a judgment is not supported by a finding of fact on the crucial question of jurisdiction involved in the proceeding, the judgment must be vacated and the cause remanded.

APPEAL by Carolyn D. Hill, movant, from *Williams, J.*, May Civil Term, 1957, of DURHAM.

Judge Williams' judgment affirmed a judgment of January 29, 1957, signed by the Clerk of the Superior Court of Durham

County, which "confirmed and approved" letters of administration he had issued on February 11, 1955, to Henry Bane as administrator of the estate of Charles William Hill, deceased, and "dismissed" the motion of Carolyn D. Hill that said letters of administration be vacated and set aside.

Charles William Hill died February 10, 1954, in Duke Hospital, Durham, N. C. Carolyn D. Hill is his widow.

The gist of her motion was that the legal residence and domicile of her husband at the time of his death was Orlando, Orange County, Florida; that on May 22, 1954, she was duly appointed and qualified in Orange County, Florida, as administratrix of her husband's estate; that her husband's visit to North Carolina was for the sole and temporary purpose of obtaining medical treatment at Duke Hospital; and that, when letters of administration were issued to Bane, there were no assets of the estate in North Carolina and no debts or liabilities of any kind or in any amount due by decedent to any person in North Carolina. She asserted that, at the time of her husband's death, his only assets in North Carolina were his automobile, a watch of nominal value and his clothes; that, prior to the appointment of Bane, she had sold the automobile and the proceeds of sale were being administered in Florida; and that she had sent the decedent's watch and his clothes to decedent's sister.

The answer of Bane denies the material allegations of the motion, averring that decedent was a citizen and resident of Durham County, North Carolina, at the time of his death and then owned property "which should be distributed according to the laws of the State of North Carolina by his duly qualified administrator, Henry Bane."

At the hearing before the clerk, movant offered evidence in support of her allegations, including an exemplified copy of the Florida letters of administration and, for the purpose of attack, the letters of administration previously issued by the clerk to Bane.

The clerk's judgment was entered at the close of movant's evidence. No evidence was offered by Bane. The clerk's judgment set forth as the basis therefor the following:

"And . . . the Court finding as a fact that the letters of administration issued to the said Henry Bane, Esq., as Administrator of the Estate of Charles William Hill, on the 11th day of February, 1955, . . . were properly issued and that the said Henry Bane, Esq., was entitled to said letters of administration, and that Henry Bane, Esq., is the duly qualified and acting Administrator of the Estate of Charles William Hill;

"And . . . the Court finding as a fact that said movent has failed to produce satisfactory evidence to show that said Henry

Bane, Esq., should be removed as Administrator of the Estate of Charles William Hill, Deceased."

Upon movant's appeal from the clerk's judgment, the hearing by Judge Williams was "upon the record, including the transcript of evidence taken before the clerk."

After a finding that the clerk "had jurisdiction of the subject matter and of the parties to this proceeding," Judge Williams found, as the basis for his judgment, that "the findings of fact of the Clerk . . . are supported by competent evidence, and further than the facts found therein support said judgment of the Clerk . . ."

Thereupon, *Judge Williams* signed judgment wherein he "ratified, approved and affirmed" the clerk's judgment.

Movant excepted and appealed.

*Spears & Spears for movant, appellant.*
*Bryant, Lipton, Strayhorn & Bryant for appellee.*

BOBBITT, J. Appellee's contention that movant is proceeding under G.S. 28-32, notwithstanding she did not so specify, is untenable. G.S. 28-32 prescribes procedure for the removal of *a particular person* as administrator for causes specified therein; and, upon removal of such person, "the clerk must immediately appoint some other person to succeed in the administration of the estate." G.S. 28-33; *Harrison v. Carter,* 226 N.C. 36, 36 S.E. 2d 700.

Rightly interpreted, the motion is a direct attack upon the jurisdiction of the clerk to issue letters of administration to *any person.* No question is raised as to the competence or conduct of Bane. The motion is *to vacate and set aside* the letters of administration issued to Bane as void for want of jurisdiction. They are void unless the clerk had jurisdiction of the subject matter. *Hart v. Motors,* 244 N.C. 84, 92 S.E. 2d 673; *High v. Pearce,* 220 N.C. 266, 17 S.E. 2d 108. If, as movant alleged, decedent's residence and domicile at the time of his death was not in Durham County, North Carolina, but in Orange County, Florida, the clerk had no jurisdiction of the subject matter. *In re Ryan,* 187 N.C. 569, 122 S.E. 289; *In re Martin,* 185 N.C. 472, 117 S.E. 561; *Reynolds v. Cotton Mills,* 177 N.C. 412, 99 S.E. 240.

There was evidence, which, if accepted, was sufficient to support movant's said allegations. However, neither the clerk nor the judge made a finding of fact determinative of the crucial question, whether decedent's residence and domicile at the time of his death was in Durham County.

Absent any finding as to this *jurisdictional* fact, we need not consider (1) whether the judge would be bound by appropriate

findings of fact made by the clerk (Compare *Aylor v. Barnes,* 242 N.C. 223, 87 S.E. 2d 269, and cases cited), or (2) whether the judge would be bound by such findings of fact in the absence of exceptions directed to specific findings. As to the latter, it is noted that *In re Sams,* 236 N.C. 228, 72 S.E. 2d 421, and cases cited, involve proceedings under G.S. 28-32. *In re Ryan, supra,* and *In re Martin, supra,* would seem relevant.

The finding by the judge, noted in the above statement of facts, that the clerk "had jurisdiction of the subject matter and of the parties to this proceeding," when considered in context, connotes nothing more than a finding that this proceeding was duly constituted and properly before him. It falls far short of a finding of fact as to decedent's residence and domicile. The so-called findings of fact in the clerk's judgment are legal conclusions.

The record presents no question as to an ancillary administration in Durham County. The letters of administration issued to Bane were based solely on the recital or finding "that Charles William Hill, late of the said (Durham) County, is dead, without having made and published any last will and testament." Neither in said letters nor in the evidence does it appear that, when Bane was appointed, there was in North Carolina any property belonging to the decedent's estate or any person to whom the estate was indebted.

It is noted (1) that the record contains no evidence relating to the civil action referred to in Bane's answer to Mrs. Hill's motion, and (2) that nothing in the record indicates the interest, if any, of Bane or of any person at whose instance he applied for letters of administration, in the decedent's estate.

The judgment, because not supported by determinative findings of fact on the crucial (judisdictional) question presented, must be and is vacated; and the cause is remanded for further hearing and findings of fact as to decedent's residence and domicile at the time of his death, that is, findings of fact determinative of the clerk's jurisdiction to issue letters of administration relating to decedent's estate.

Error and remanded.