RAY E. SIZEMORE v. D. V. MARONEY AND DIVISION 1493 OF THE AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA, AFL-CIO.

(Filed 25 November, 1964.)

**1. Appeal and Error § 21—**

An appeal is itself an exception to the judgment or order and presents the questions whether error appears on the face of the record proper and whether the conclusions of law are supported by findings of fact.

**2. Process § 3—**

When original process is not served, the action or special proceeding may be kept alive by the issuance of alias and pluries summons. G.S. 1-95.

**3. Process § 4—**

Where no service of process has been had upon an individual in an action *in personam,* but there is nothing to indicate that the action had not been kept alive by the proper issuance of alias and pluries summons, it is error for the court to dismiss the action as to him, since, defendant not having been brought into court, his rights are unaffected by the pendency of the action, and there is no process served on him to quash.

**4. Libel and Slander § 1;   Courts § 20—**

Since libel actions are transitory, libelous matter sent through the mails is actionable, at the place of posting or at the place of receipt by the addressee, even in another state, unless otherwise provided by statute.

**5. Same;   Process § 4—**

In an action for libel based on letters posted in another state, it is error for the court to dismiss the action on the ground that it was for a tort arising in such other state in the absence of any finding that none of the letters was received by an addressee in this State and the absence of any finding that none of the alleged tortious acts was committed by defendant in this State.

**6. Same;   Process § 13—**

Where, in an action against a labor union, it is alleged that defendant union had agents in this State and carried on in this State the activities for which it was organized in representing employees residing in this State, but the court fails to find any facts in regard to the activities of defendant union, if any, carried on in this State, there are no findings supporting the court's conclusion that the union was not doing business in this State. G.S. 1-97(6).

**7. Appeal and Error § 55—**

Where, on appeal from an order of the clerk refusing motion to quash process and dismiss the action, the Superior Court is requested by the defendant to find the facts, and the Court grants the motion to dismiss without any finding of facts supporting its conclusions of law that the action was an action in tort arising in another state and that defendant labor union was not doing business within this State so as to permit service on it

under G.S. 1-97(6), the conclusions are not supported by findings of fact and the cause must be remanded for further hearing and specific findings.

APPEAL by plaintiff from an order of *Olive, E. J.,* entered 13 April 1964 Civil Session of Forsyth, upon separate special appearances and motions by defendant Maroney and by Division 1493 of the Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, AFL-CIO, quashing service upon them.

*Hatfield & Allman by Roy G. Hall, Jr., for plaintiff appellant.*
*White, Crumpler, Powell, Pfefferkorn & Green by James G. White for defendant appellees.*

PARKER, J.  The complaint alleges in substance: Plaintiff is a citizen and resident of Stokes County, North Carolina. The defendant union is an unincorporated association, which maintains an office and transacts business in Forsyth County, North Carolina; that it has not designated of record in the office of the clerk of the superior court of Forsyth County a registered agent upon whom service of process may be had, and consequently it is amenable to service of process under the provisions of G.S. 1-69.1. Defendant Maroney is a citizen and resident of Kanawha County, West Virginia, and was at all times referred to in the complaint, and at the time of the commencement of this action still is, the president of defendant union, and all of his conduct hereinafter described was in the course and scope of his employment by defendant union as its president.

In March 1962 plaintiff, by reason of a groundless complaint filed against him by a citizen of Charleston, West Virginia, was dismissed from his employment with the Greyhound Bus Company, with which company he had been continuously employed as a driver for almost twenty years. He was never given an opportunity for a hearing, and was never confronted by or given the right to confront the person who filed the complaint against him. At the time he was a dues-paying member in good standing of defendant union. A part of the duties of defendant union was to protect him and others similarly situated in such instances, but despite the duties imposed upon the defendant union by its constitution and bylaws and by the applicable provisions of the federal "Labor-Management Reporting and Disclosure Act of 1959," respecting rights of individual union members, the union, under the direction and leadership and influence of defendant Maroney, failed to protect him and to give him his rights of appeal and grievance.

He requested a hearing by the union but he was foreclosed by defendant Maroney and by the defendant union from asserting his rights.

In the course of such denial of his rights, defendant Maroney on 22 June 1962 prepared and mailed to all the executive board members of the defendant union a letter containing words that were libelous *per se,* said words accusing him of immoral conduct. The charges, allusions, insinuations and threats contained in the letter were without foundation and were made maliciously, wantonly, and knowingly, and were published by defendant Maroney acting as president of the defendant union and subject to the control of the members of its executive board and on the letterhead of said defendant union, without any semblance of justification. Then follows allegations in respect to damages.

Defendant Maroney made a special appearance and moved to dismiss the action as to him for the following reasons: He is a citizen and resident of West Virginia. No summons has been served on him within the State of North Carolina. The Secretary of State of North Carolina is not his agent, and he has never designated him as any process agent for him. No legal process has been had on him by plaintiff's having the said Secretary of State to forward to him at his residence in West Virginia a copy of the summons herein, an extension of time for filing the complaint, and later a copy of the complaint.

Defendant association made a special appearance and moved to quash the summons served upon it for the following reasons: It is an unincorporated association, has no property, and is not doing business in the State of North Carolina. It has never designated the Secretary of State of North Carolina as its process agent. No summons has been served upon it in this State. The cause of action which plaintiff alleges does not arise on any matters occurring within the State of North Carolina, but arises entirely from matters which the plaintiff alleges constitute a libel arising in the State of West Virginia. The attempted service of process upon it by having the said Secretary of State to mail to it at its office in West Virginia a copy of the summons and extension of time for filing complaint is a nullity, and does not amount to service of process.

The plaintiff filed an answer to the special appearance and motion to dismiss filed by defendant Maroney, in which he alleges in substance: The defendant association is unincorporated, and is doing business in the State of North Carolina for the purpose for which it was formed, to wit, representing as a labor union employees of a business in the State of North Carolina. It has failed to comply with the requirements of G.S. 1-97 (6), in that it has failed to appoint an agent in this State upon whom process may be served, and has failed to certify to the clerk of the superior court of Forsyth County, in which county the organization

is actually doing business, the name and address of a process agent. By failing to appoint a process agent, this plaintiff is authorized by the language of the statute to serve process upon the Secretary of State of North Carolina, which in fact he has done as set out in defendant's own motion to dismiss. Defendant association is and has been for the past several years actively doing business in the State of North Carolina; it represents employees of the Greyhound Bus Company; it maintains a regular business agent and other officials in Winston-Salem, with whom it transacts the organization's business. He has not endeavored to serve process upon defendant Maroney through the Secretary of State of North Carolina, but instead has endeavored to serve him personally, since the provisions of G.S. 1-97(6) do not apply to service upon an individual. The sheriff of Forsyth County has been unable to locate defendant Maroney, and he has kept process alive by the issuance of alias and pluries summonses.

There is one affidavit in the record which was filed by plaintiff on 22 January 1964. This is a summary of this affidavit, except when quoted: "Division 1493 union operates in several states as Division 1493. Most of the employees of the Greyhound Bus Company in Winston-Salem belong to this union, as do most of the employees at terminals in the other states served by Division 1493, including Charleston, West Virginia; Jacksonville, Florida; Portsmouth, Ohio; Columbia, South Carolina; Asheville and Raleigh, North Carolina; Roanoke, Virginia; *et cetera.* All of these employees in these various cities and states belong to Division 1493 of the union. This division is not broken into separate locals, as is the case with some affiliated groups of national unions. Division 1493 of union conducts substantial business in North Carolina and particularly in Winston-Salem. It conducts almost all of the business for which a union exists. It solicits membership. It holds meetings and rents a union hall for such purposes." It has a regular employee, Roy Gough, who is paid by the union and who looks after all the union's affairs in Winston-Salem, in addition to his work with the Greyhound Bus Company. Gough is a board member of Division 1493, and participates in negotiations regarding drivers' contracts in connection with local division members. Division 1493 conducts grievance hearings in Winston-Salem, which are connected with the operation of the union and its conduct with respect to its members. All of the Winston-Salem members of the union are subject to all of the constitutional and bylaw regulations of Division 1493, and these are applied and enforced in Winston-Salem by union officials. The union has a steward in Winston-Salem, a Mr. Collette, and also a Mr. Orrell,

and these officials perform and have performed regularly business in the union's behalf, and continue to represent union interests.

The motions by the defendants first came on to be heard by the clerk of the superior court of Forsyth County on 24 February 1964. He entered two separate orders: One on Maroney's motion, and the other on the motion of the defendant association. The order entered on defendant Maroney's motion states in substance: The court heard arguments of counsel and examined the record in the case. It appears that this action was instituted on 29 May 1963, that original summons was issued on the same date and returned without having been served on defendant Maroney; that the chain of summonses as to Maroney has been kept up by the issuance of alias and pluries summonses, and that the time for issuing another pluries summons for Maroney has not expired. It is, therefore, ordered that defendant Maroney's motion to dismiss the action as to him be denied.

The order entered on defendant association's motion states in substance: It appears from a statement filed by counsel for plaintiff that on the date this action was instituted on 29 May 1963 the records in the office of the clerk of the superior court of Forsyth County indicate that the defendant union has failed to comply with the requirements of G.S. 1-97(6), in that it has failed to appoint an agent in this State upon whom process may be served, and has failed to certify to the office of the clerk of the superior court of Forsyth County the name and address of a process agent; that in failing to appoint a process agent in Forsyth County defendant union has authorized the plaintiff to serve process upon the Secretary of State of North Carolina as legal agent of defendant union, which in fact plaintiff has done as set out in defendant union's own special appearance and motion to dismiss. It further appears from representations by plaintiff's counsel, from the duly verified complaint filed herein, and from an additional affidavit filed by plaintiff that defendant union is and has been for several years doing business in the State of North Carolina, that it is the legal representative of the employees of the Greyhound Bus Company, that it maintains a business agent and other officials in Winston-Salem by whom it transacts business, that it has a regular employee who is paid by the union and who looks after its affairs in Winston-Salem in addition to doing his work for the Greyhound Bus Company, that it conducts grievance hearings in Winston-Salem in connection with its operations, that it solicits memberships and holds meetings and rents a union hall and conducts the other business for which it exists as a union. The court is of the opinion and finds as a fact that the defendant union has been duly served with summons and a copy of the complaint, and

the court further finds that the allegations of the complaint, together with separate affidavit filed herein, are sufficient to support the institution of action in this court. It is, therefore, adjudged that service on defendant union is in compliance with the laws of the State of North Carolina, that defendant union's motion to set aside such service be denied, and that it be given 30 days in which to answer or otherwise plead.

The defendants excepted to the orders of the clerk of the superior court, and appealed to the judge, and requested that "specific findings be made of all facts concerning service of process on the defendants and each of them and further move the court that after making findings of fact with respect to service on the defendants, that an order be entered dismissing this action."

The appeal came on to be heard by Judge Olive, who entered an order, which, after reciting that the action was heard upon a special appearance by the defendants and motion to quash service, reads as follows:

"* * * it appearing to the court that this is a tort action arising in the State of West Virginia and it further appearing to the court that the defendant, Division 1493 of the Amalgamated Association of Street, Electric, Railway and Motor Coach Employees of America, AFL-CIO is an unincorporated association having its principal office and place of business in the State of West Virginia, and it further appearing to the court from the evidence upon the hearing that there is insufficient evidence before the court that the said association is or was doing business in the State of North Carolina, and it further appearing to the Court that service in this cause was by service on the Secretary of State of North Carolina and by mailing a copy of the pleadings by the Secretary of State to the defendant, Division 1493 of the Amalgamated Association of Street, Electric, Railway and Motor Coach Employees of America, AFL-CIO, and it further appearing that there has been no personal service upon the defendant, D. V. Maroney.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DE-CREED that the motion of the defendants that service in this action be quashed be and the same is hereby allowed."

The merits of plaintiff's claim and the sufficiency of his complaint are not presented here for determination. The sole question for review is Judge Olive's order.

Plaintiff has three assignments of error: (1) Judge Olive erred in reciting in his order "it appearing to the court that this is a tort

action arising in the State of West Virginia"; (2) Judge Olive erred in reciting in his order "and it further appearing to the court from the evidence upon the hearing that there is insufficient evidence before the court that the said association is or was doing business in the State of North Carolina"; and (3) Judge Olive erred in entering and signing the order.

Plaintiff's appeal is itself an exception to Judge Olive's order, and presents for review the questions as to whether error of law appears on the face of the record proper, and as to whether those matters that Judge Olive terms as appearing to him are sufficient to support his order that "the motion of the defendants that service in this action be quashed be and the same is hereby allowed." *Lowie & Co. v. Atkins,* 245 N.C. 98, 95 S.E. 2d 271; *Balint v. Grayson,* 256 N.C. 490, 124 S.E. 2d 364; *Horn v. Furniture Co.,* 245 N.C. 173, 95 S.E. 2d 521; Strong's N. C. Index, Vol. 1, Appeal and Error, § 21.

It appears plaintiff's action against defendant Maroney is an action *in personam.* Judge Olive's order recites "and it further appearing that there has been no personal service upon the defendant, D. V. Maroney." Plaintiff states in his brief in substance: He did not contend before Judge Olive, and he does not contend now, that defendant Maroney has been served with process. Therefore, there has been no service of summons on Maroney to quash. But he does contend that he had an original summons issued for Maroney in this action, which was not served on him, and he has kept up the chain of summonses by the issuance of alias and pluries summonses for Maroney under G.S. 1-95, thereby keeping the action alive against Maroney. Defendants in their joint brief state: "The summons was never served on the individual defendant."

In this jurisdiction in a civil action or special proceeding where a defendant has not been served with the original summons, the proper issuance of alias and pluries summons under "the alternate method" prescribed by the provisions of G.S. 1-95 keeps the cause of action alive, and prevents its discontinuance. *Morton v. Insurance Co.,* 250 N.C. 722, 110 S.E. 2d 330; *Hodges v. Insurance Co.,* 233 N.C. 289, 63 S.E. 2d 819; McIntosh, N. C. Practice and Procedure, 2d ed., Vol. 1, §§ 292 and 891; 33 N.C.L.R. 529.

According to Judge Olive's order and the briefs of counsel, no service of summons has been made on defendant Maroney. There is nothing in Judge Olive's order, or in the record proper before us, to suggest that Maroney has accepted service of process, or has made a special appearance, actual or constructive. There is nothing in Judge Olive's order, or in the record proper before us, to indicate there has

been a discontinuance of plaintiff's action against Maroney according to the provisions of G.S. 1-96. Maroney not having been brought into court, his rights are unaffected by the pendency of the action, and there was and is no process served on him to quash. *Hodges v. Insurance Co., supra.*

Judge Olive's recital in his order "it appearing to the court that this is a tort action arising in the State of West Virginia" is a pure legal conclusion. See *In re Bane,* 247 N.C. 562, 101 S.E. 2d 369. He has found no facts as to what alleged tortious acts the defendants, or either one of them, committed, if any, and if any were committed, whether or not any of them were or were not committed by defendants in North Carolina. The complaint alleges in substance that defendant Maroney mailed to all the executive board members of defendant association a letter containing words that were libelous *per se* about plaintiff, but it does not allege where the letters were mailed or received. Unless otherwise provided by statute, libelous matter sent through the mails is generally actionable either at the place of posting or at the place of receipt by the addressee, even in another state, because libel actions are transitory in their nature. The rationale of the rule is that each time a libelous matter is brought to the attention of a third party a new publication has occurred, and that each publication is a separate tort. 53 C.J.S., Libel and Slander, § 158; 33 Am. Jur., Libel and Slander, § 227. See *Hartmann v. Time, Inc.,* 166 F. 2d 127, 1 A.L.R. 2d 370, *cert. den.* 334 U.S. 838, 92 L. ed. 1763. Of course, when the libel action is brought in a state other than the state of residence of defendant, there is the problem of procuring service of process on defendant. Judge Olive has found no facts so that we can determine as to whether this is a tort action arising in the State of West Virginia.

Judge Olive erred in his order in decreeing that service in this action in respect to defendant Maroney be quashed, for there is nothing in his order to support it.

Plaintiff assigns as error Judge Olive's recital in his order "and it further appearing to the court from the evidence upon the hearing that there is insufficient evidence before the court that the said association is or was doing business in the State of North Carolina." This is another pure legal conclusion. Judge Olive in his order has made no findings of fact as to what acts, if any, defendant association has done or is doing in this State, so that we can determine whether or not from the facts found the defendant association was and is doing business within this State so as to permit service of process upon it within the purview of G.S. 1-97 (6). Judge Olive's order does not recite what evidence he heard; his order merely recites "From the evidence upon the hear-

ing." Further, his order recites "it appearing," etc. It makes no findings of fact. Judge Olive's order quashing the action against defendant association is not supported by determinative findings of fact on the crucial questions presented, and it must be vacated, and the cause is remanded for further hearing and specific findings of fact, *inter alia,* as to whether or not defendant association is doing business in this State by performing any of the acts for which it was formed, so as to permit service of process on it according to the provisions of G.S. 1-97(6), and then for an entry of an order based upon the findings of fact and the conclusions in accordance with law. *In re Bane, supra; Columbus County v. Thompson,* 249 N.C. 607, 107 S.E. 2d 302; *Insurance Co. v. Trucking Co.,* 256 N.C. 721, 125 S.E. 2d 25.

Error and remanded.