RAY E. SIZEMORE v. DIVISION 1493 OF THE AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA, AFL-CIO.

(Filed 25 November, 1964.)

APPEAL by plaintiff from an order of *Olive, E. J.,* entered 13 April 1964 Civil Session of Forsyth, upon a special appearance and motion to dismiss by defendant association, quashing service in this action upon it.

*Hatfield and Allman by Roy G. Hall, Jr., for plaintiff appellant.*
*White, Crumpler, Powell, Pfefferkorn & Green by James G. White for defendant appellee.*

PER CURIAM. Plaintiff alleges a cause of action to recover damages for an alleged breach by the defendant association of the duties and obligations owed to him as a dues-paying member in good standing of defendant association under its constitution and bylaws and under the applicable provisions of the federal "Labor-Management Reporting and Disclosure Act of 1959," in that it failed to give him a full and fair hearing and failed to give him a right to exhaust his appeal remedies for grievances, when he was discharged as a driver by the Greyhound Bus Company upon a complaint filed against him by a person in West Virginia.

SIZEMORE *v.* MOTOR COACH EMPLOYEES.

Defendant made a special appearance and moved to quash the summons served upon it: this motion is almost verbatim with a similar motion made by it in the case of *Sizemore v. D. V. Maroney and Division 1493, etc., ante,* 14, 138 S.E. 2d 803. Plaintiff filed an answer to its special appearance and motion to dismiss almost verbatim with the one it filed in *Sizemore v. Maroney, supra,* with the exception of the references to Maroney. Plaintiff filed an affidavit in this action almost verbatim with the affidavit he filed in *Sizemore v. Maroney, supra.* The clerk of the superior court of Forsyth County rendered an order denying defendant association's motion and giving it 30 days within which to answer or otherwise plead: this order is practically verbatim with the order the clerk made in *Sizemore v. Maroney, supra,* denying a similar motion by defendant association.

Defendant association appealed to the judge. Judge Olive, on the same day he entered an order in *Sizemore v. Maroney, supra,* rendered an order here in which he recites, among other things, "it further appearing to the court upon the hearing that there was insufficient evidence that the defendant was or is doing business in the State of North Carolina," and then ordered "that the motion of the defendant that service in this action be quashed be and the same is hereby allowed."

Plaintiff assigns as errors the following recital in Judge Olive's order: "* * * and it further appearing to the court upon the hearing that there was insufficient evidence that the defendant was or is doing business in the State of North Carolina," and that the judge erred in entering and signing the order.

Defendant association states in its brief: "This case and No. 390 [*Sizemore v. Maroney, supra*] are companion cases, the facts being substantially identical, except in case No. 390, D. V. Maroney, the president of the unincorporated defendant, is also a defendant." Defendant association's brief in the instant case in its material parts is identical with the brief it filed in case No. 390. The argument in the brief filed by plaintiff in the instant case in respect to whether defendant association was or is doing business in the State of North Carolina is practically identical with the argument on the same subject set forth in his brief which he filed in case No. 390.

The decision in the instant case is controlled by the decision in *Sizemore v. Maroney, supra,* filed this day, *ante,* 14, 138 S.E. 2d 803. Upon authority of that case, Judge Olive's order is vacated, and the cause is remanded for further proceedings as set forth in that case.

Error and remanded.