LUCILLE F. MUSGRAVE AND GAIL M. LANNING, ADMINISTRATRIX OF CLYDE WILSON MUSGRAVE v. MUTUAL SAVINGS AND LOAN ASSOCIATION

No. 6922SC317

(Filed 23 July 1969)

1. **Judgments § 6—  modification of judgment during term at which rendered**

A judgment is *in fieri* during the term at which it is rendered and the judge, *non constant* notice of appeal, may modify, amend or set it aside at any time during the term.

2. **Judgments § 6;  Trial § 30—  setting aside ruling allowing nonsuit — authority of court**

Trial court had authority, in its discretion, to set aside its ruling allowing defendant's motion for judgment as of nonsuit after the jury had been dismissed and the court had commenced the trial of another case.

3. **Appeal and Error § 54—  judicial discretion**

The exercise of judicial discretion by a judge is not an arbitrary power and is not one to be used to gratify the passion, whim, vindictiveness or idiosyncracies of the individual judge.

**4. Appeal and Error §§ 54, 59; Trial §§ 9, 50— mistrial declared after jury dismissed**

In this action for damages allegedly caused by defendant's negligent failure to procure a policy of life insurance for plaintiff, the trial court did not abuse its discretion in ordering a mistrial after the court had allowed defendant's motion for nonsuit and dismissed the jury, and two of the jurors had been empaneled to try another case.

APPEAL by defendant from *McConnell, J.*, 17 February 1969 Civil Session of Superior Court of DAVIDSON County.

In the amended complaint the following is alleged as a first cause of action: On 5 May 1966 plaintiff, Lucille F. Musgrave (Mrs. Musgrave), and her husband, Clyde Wilson Musgrave (Mr. Musgrave), borrowed $5000.00 from defendant. Defendant, acting through its agents, agreed to procure a policy of insurance on the life of Mr. Musgrave, which, upon the death of Mr. Musgrave would pay the unpaid balance of the note securing the loan. Premiums for the payment thereof were to be paid along with the regular monthly payments on the note. Defendant negligently failed to procure the insurance policy, and negligently failed to notify Mr. and Mrs. Musgrave that such insurance had not been obtained. On 7 July 1966 Mr. Musgrave died and Gail M. Lanning qualified as the administratrix of his estate. As a result of the failure to secure the policy of insurance the defendant is indebted to the plaintiff in the sum of $4,913.79.

As a second cause of action the plaintiffs allege in the amended complaint that by failing to procure the policy of insurance as hereinabove set out the defendant breached its contract with Mr. and Mrs. Musgrave.

Defendant answering denies the material allegations of the complaint, and by way of further answer asserts that plaintiffs have alleged a cause of action in tort and on contract arising out of the same facts and circumstances; and that they are not entitled to proceed in the trial of this case on both theories, but should be required to make an election.

The action came on for trial which began either on 17 February 1969 or 18 February 1969 (the record is not clear which date it began) and continued until 19 February 1969, when "(a)t the close of all the evidence, defendant's motion for judgment as of nonsuit was sustained." The judge dismissed the jury that had been empaneled to try this case, called another case and began the trial thereof. Two of the jurors on the panel to try this case were selected, sworn and empaneled on 19 February 1969 to serve on the case the judge called

for trial immediately after announcing that defendant's motion for nonsuit in this case had been allowed. On 20 February 1969 while the same session of court was being held the trial judge *ex mero motu* declined to sign the judgment sustaining the defendant's motion for nonsuit and then signed and caused to be entered the following judgment:

"THIS CAUSE coming on to be heard before the undersigned Judge Presiding at the February 1969 Civil Session of the Superior Court of Davidson County, and having been called for trial on Tuesday, February 18, 1969, and the plaintiffs and the defendant having both offered evidence; and at the close of the defendant's evidence, a motion was made for judgment of nonsuit. This motion was allowed by the Court, and subsequent thereto further consideration having been given to the motion, and the Court now being of the opinion that the motion should have been denied, but the jury having heard the statement of the Court that the motion for nonsuit was allowed; and it appearing to the Court that it would not be proper to continue the trial.

Now, therefore, it is ORDERED that the judgment of the Court sustaining the motion for nonsuit be and the same is hereby stricken out and a juror is withdrawn and a mistrial is declared. The foregoing action striking out the previous judgment and declaring a mistrial is taken by the Court in the exercise of its discretion during the session at which said judgment was entered, and a new trial of this action is ordered."

The defendant excepted and appealed to the Court of Appeals.

*Walser, Brinkley, Walser & McGirt by Walter Brinkley for plaintiff appellees.*

*Wilson and Beeker by Ned A. Beeker for defendant appellant.*

MALLARD, C.J.

The original record did not contain the pleadings on which the case was tried. Upon motion being made and allowed the pleadings were supplied by an addendum to the record. The evidence in the case was not included in the record on appeal and there was no transcript of the evidence filed. The question was not raised as to whether the judgment appealed from was an interlocutory order from which no appeal lies.

The defendant excepted to the signing of the judgment entered

herein, and makes this exception the basis of its first assignment of error. This presents the proposition of whether the trial judge had the right, at the same session of court, to change his ruling on the motion for judgment as of nonsuit after he had dismissed the jury engaged in the trial of the case and started the trial of another case.

In the case of *Shaver v. Shaver*, 248 N.C. 113, 102 S.E. 2d 791 (1958), the court said:

> "The presiding Judge of the Superior Court may, within established limitations, open or vacate a judgment on his own motion. During a term of court, all judgments and orders are deemed to be *in fieri*. Therefore, during the term any judgment or order, except one entered by consent, ordinarily may be opened, modified or vacated by the court on its own motion."

[1, 2] "A judgment is *in fieri* during the term at which it is rendered and the judge, *non constat* notice of appeal, may modify, amend, or set it aside at any time during the term." *Hoke v. Greyhound Corp.*, 227 N.C. 374, 42 S.E. 2d 407 (1947). See also *State v. Godwin*, 210 N.C. 447, 187 S.E. 560 (1936); *GMC Trucks v. Smith*, 249 N.C. 764, 107 S.E. 2d 746 (1959); *Insurance Co. v. Walton*, 256 N.C. 345, 123 S.E. 2d 780 (1962); *Chriscoe v. Chriscoe*, 268 N.C. 554, 151 S.E. 2d 33 (1966); *Hagins v. Redevelopment Comm.*, 275 N.C. 90, 165 S.E. 2d 490 (1969). We are of the opinion, and so hold, that Judge McConnell had the right and authority in this case, in his discretion, to set aside the ruling allowing the motion for judgment as of nonsuit after he had dismissed the jury engaged in the trial thereof and had commenced the trial of another case.

Defendant took exception to the refusal of the trial judge to sign the judgment tendered by it dismissing this action as of nonsuit, and makes this exception the basis of its second assignment of error. In view of what is said above this assignment of error is overruled.

Defendant's third assignment of error is based on a combination of its exceptions numbered one and two, and in which defendant asserts and contends that the trial judge "erred and abused his discretion in signing the judgment dated February 20, 1969." The judge specifically stated that striking out the previous judgment of nonsuit and declaring a mistrial was done in the exercise of his discretion. In *2 McIntosh, N.C. Practice 2d, § 1548*, it is said:

> "The causes for which a mistrial may be ordered are varied and within the discretion of the court. It may be necessary on account of the sickness or other disability of the judge, juror, parties or counsel; or it may be necessary to prevent injustice,

as where a party is taken by surprise after the trial has begun, or it is discovered that a juror is disqualified or there has been an improper remark or expression of opinion by the court, or abuse of privilege by counsel, or some misconduct on the part of the jurors or others, or when the jury fails to agree upon a verdict after reasonable time for deliberation."

In *Chapman v. Dorsey*, 230 Minn. 279, 41 N.W. 2d 438, it is said:

"Judicial discretion is the sound choosing by the court, subject to the guidance of the law, between doing or not doing a thing, the doing of which cannot be demanded as an absolute right of the party who asks that it be done. A right which is positive is an unqualified right — one which is not dependent upon, and which in fact does not admit of any exercise of, discretion."

[3] The exercise of judicial discretion by a judge is not an arbitrary power, and is not one to be used to gratify the passion, partiality, whim, vindictiveness, or idiosyncracies of the individual judge. In the case of *Hensley v. Furniture Co.*, 164 N.C. 148, 80 S.E. 154 (1913), in discussing the nature of judicial discretion Justice Walker said:

"Judicial discretion, said Coke, is never exercised to give effect to the mere will of the judge, but to the will of the law. The judge's proper function, when using it, is to discern according to law what is just in the premises. *'Discernere per legem quid sit justum.'* *Osborn v. Bank*, 9 Wheat., 738. When applied to a court of justice, said *Lord Mansfield*, discretion means sound discretion guided by law. It must be governed by rule, not by humor; it must not be arbitrary, vague, and fanciful, but legal and regular. 4 Burrows, 2539. While the necessity for exercising this discretion, in any given case, is not to be determined by the mere inclination of the judge, but by a sound and enlightened judgment, in an effort to attain the end of all law, namely, the doing of even and exact justice, we will yet not supervise it, except, perhaps, in extreme circumstances, not at all likely to arise; and it is therefore practically unlimited. We do not interfere unless the discretion is abused."

[4] Also in *2 McIntosh, N.C. Practice* 2d § 1548, referring to withdrawing a juror and ordering a mistrial it is said: "The withdrawal is merely a fiction carried over from the criminal practice, and amounts to nothing more than the ordering of a mistrial." In this case the fact that the judge had commenced the trial of another

case, and the fact that at least two of the jurors empaneled in this case had been selected, sworn and empaneled on the case that had been commenced, did not prevent the judge from exercising his discretion and ordering a mistrial in this case. No abuse of discretion, or arbitrary use of discretion has been made to appear on this record.

Affirmed.

BRITT and PARKER, JJ., concur.