STATE OF NORTH CAROLINA v. CECIL CLARION MOREHEAD

No. 7929SC970

(Filed 1 April 1980)

1. **Criminal Law § 18— appeal to superior court—magistrate's issuance of new warrant—superior court not divested of jurisdiction**

Where defendant was tried and convicted in district court, appealed to superior court, and subsequently moved to dismiss the charge pursuant to the Speedy Trial Act, the court allowed defendant's motion and ordered dismissal of the case without prejudice, on that same day the magistrate issued a new warrant charging the same offense, and the trial judge, later during the same session, reopened the matter, heard additional evidence and arguments, and dismissed the case without prejudice to the State, the superior court was not divested of jurisdiction by the magistrate's issuing the second warrant, nor did the State, by securing the second warrant, waive whatever rights to appellate review it might have had.

**2. Constitutional Law § 50— Speedy Trial Act—time computed from regularly scheduled session of court**

Where the Speedy Trial Act provided that trial of a misdemeanor de novo in the superior court should take place "within 120 days from the first regularly scheduled criminal session of superior court held after the defendant has given notice of appeal . . . ," a regularly scheduled criminal session did not refer to a criminal session already in progress when defendant gave notice of appeal, a mixed session with civil cases having priority, or a mixed session with criminal cases having priority.

**3. Constitutional Law § 50— Speedy Trial Act—appeal from district court—time for retrial in superior court—computation**

The 120-day period of the Speedy Trial Act for a trial de novo in superior court upon appeal from district court begins at the end of the first regularly scheduled criminal session of superior court which commences after defendant gives notice of appeal from the district court; therefore, there was no violation of the Act where defendant gave notice of appeal on 23 March 1979, the end of the first regularly scheduled criminal session of superior court was 1 June 1979, and defendant's motion to dismiss, filed 26 June 1979, the hearing upon it held 30 July 1979 and 2 August 1979, and the order of 2 August 1979 dismissing the case all occurred well within the applicable 120-day period beginning 2 June 1979.

**4. Constitutional Law § 50— case erroneously dismissed—time within which retrial must be held**

Where criminal charges are erroneously dismissed upon a defendant's motion under the Speedy Trial Act and the court's ruling is thereafter reversed by the appellate division, trial of the case must begin within 120 days (90 days beginning 1 October 1980) after the opinion of the appellate division is certified to the superior court.

APPEAL by the State of North Carolina from *Brannon, Judge.* Ordered entered 2 August 1979 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 6 March 1980.

Defendant was arrested on 16 January 1979 for driving while his license was revoked. He was tried in district court on 23 March 1979, found guilty and sentenced to prison. Defendant gave notice of appeal to superior court on 23 March 1979. On this date, a regularly scheduled criminal session of superior court in Rutherford County, that commenced on 19 March 1979, was in progress. Defendant's counsel filed a motion on 26 June 1979 to dismiss the charge pursuant to N.C.G.S. 15A-701 and 15A-703 and the provisions of the Sixth Amendment to the United States Constitution relative to defendant's right to a speedy trial. The motion was

heard Monday, 30 July 1979, and the court allowed defendant's motion and ordered dismissal of the case without prejudice. A new warrant charging the same offense was issued by a magistrate on 30 July 1979 and served on defendant the same day. Later, during the same session of superior court, on 2 August 1979, the trial judge reopened the matter, heard and received additional evidence and further argument of counsel. At the completion of the hearing, the court entered a written order finding facts, making conclusions of law, and dismissing the case without prejudice to the state. From this order the state appeals.

Attorney General Edmisten, by Assistant Attorney General Norma S. Harrell, for the State.

Hamrick, Bowen, Nanney & Dalton, by Walter H. Dalton, for defendant.

MARTIN (Harry C.), Judge.

[1]   We are met with the threshold question whether the state can appeal from an order dismissing a case without prejudice for violation of the Speedy Trial Act, N.C.G.S. 15A-701 to -704. As counsel did not have the opportunity to argue or brief this interesting question, we elect, in our discretion, to treat the appeal as a petition for review by certiorari and allow the writ.

Defendant contends this Court has no jurisdiction to hear the appeal because at the conclusion of the hearing on 30 July 1979, the state caused a new warrant, charging the same offense, to be issued against defendant. Thus, defendant argues, exclusive jurisdiction of the case was in the district court and the state, by securing the new warrant, waived its right to appeal. We do not agree. The trial court's initial hearing and order was on Monday, the first day of the session. The order dismissing the case remained in fieri during the remainder of the session and the court had authority to reopen the hearing or change the order. Hoke v. Greyhound Corp., 227 N.C. 374, 42 S.E. 2d 407 (1947); Musgrave v. Savings and Loan Assoc., 5 N.C. App. 439, 168 S.E. 2d 497 (1969). In fact, this was done in this case, further hearing being held on 2 August 1979. We hold the superior court was not divested of jurisdiction by the magistrate's issuing the second warrant. We also reject defendant's contention that by securing the second

warrant, the state waived whatever rights to appellate review it might have. This assignment of error is overruled.

Although defendant's motion also alleged a violation of his right to a speedy trial under the Sixth Amendment to the United States Constitution, the hearing before the superior court and on appellate review has been addressed solely to defendant's rights under the North Carolina Speedy Trial Act.

Both the state and defendant argue in their briefs that the applicable statute, N.C.G.S. 15A-701(al)(2), requires the trial of a defendant charged with a criminal offense to begin within 120 days from the giving of notice of appeal to the superior court for trial de novo of a misdemeanor charge. Notice of appeal was given 23 March 1979 and defendant's motion to dismiss was filed 26 June 1979, 95 days thereafter. Trial of the case had not begun on 30 July 1979 when the motion was heard, 129 days after the notice of appeal was entered.

The Speedy Trial Act applies to any person who is arrested, served with criminal process, waives an indictment, or is indicted on or after October 1, 1978. 1977 N.C. Sess. Laws ch. 787, § 2. The statute was amended by Chapter 1018, 1979 Session Laws. This amendment rewrote N.C.G.S. 15A-701(al)(2) to read as follows:

"(2) Within 120 days from the first regularly scheduled criminal session of superior court held after the defendant has given notice of appeal in a misdemeanor case for a trial de novo in the superior court;"

This amendment was effective upon ratification 8 June 1979.

When the 1979 amendment became effective, 8 June 1979, it applied to defendant's case. At that time, defendant had no vested or substantial rights under the statute. Only 77 days had passed since he gave notice of appeal on 23 March 1979. None of defendant's rights were affected by the amendment. It must be remembered that the Speedy Trial Act by its express terms does not affect any rights defendant may have to a speedy trial under the Sixth Amendment to the Constitution of the United States. An amendment to a statute has, from its adoption, the same effect as if it had been a part of the statute when first enacted. *Hoke v. Greyhound Corp.*, 226 N.C. 332, 38 S.E. 2d 105 (1946). The

North Carolina Speedy Trial Act is a procedural statute. There is no vested right in procedure and statutes affecting procedural matters may be given retroactive effect or applied to pending litigation. *Spencer v. Motor Co.*, 236 N.C. 239, 72 S.E. 2d 598 (1952). In *Bateman v. Sterrett*, 201 N.C. 59, 62-63, 159 S.E. 14, 17 (1931), we find: "[A] change in the statutory method of procedure for the enforcement or exercise of an existent right is not prohibited by any constitutional provision, unless the alteration or modification is so radical as to impair the obligation of contracts or to divest vested rights." We find no such radical effect in the 1979 amendment. Thus the 1979 amendment controls the time the clock began to run on the 120-day period. Under its terms, the trial of the defendant shall begin within 120 days from the first regularly scheduled criminal session of superior court of Rutherford County held after he gave notice of appeal to superior court.

[2]   We take judicial notice of the calendar of sessions of the superior court, promulgated by the Supreme Court (N.C. Gen. Stat. 7A-345(2)) and published in pamphlet No. 4 of the Advance Sheets of Cases in the Court of Appeals dated 12 December 1978. The first regularly scheduled criminal session of the superior court in Rutherford County held after 23 March 1979 began on 28 May 1979. A regularly scheduled criminal session of superior court that commenced on 19 March 1979 was in progress when defendant gave notice of appeal on Friday, 23 March 1979. We hold this session is not a criminal session of superior court as contemplated by the statute because it did not commence after the notice of appeal was entered. The words "held after" in the statute refer to a criminal session of superior court that commences *after* the notice of appeal is made. A mixed session, civil cases having priority, was scheduled for 16 April 1979, and a mixed session, criminal cases having priority, was scheduled for 7 May 1979, but we hold that neither of these sessions constituted a "criminal session" of superior court within the meaning of N.C.G.S. 15A-701(a1)(2) as amended by Chapter 1018 of the 1979 Session Laws.

[3]   Having established that the first regularly scheduled criminal session of superior court held after 23 March 1979 began on 28 May 1979, we must now decide when the 120-day period commenced — at the beginning of the session on 28 May 1979 or at its conclusion. The statute requires that the trial begin within 120

days *from* the first regularly scheduled criminal session *held after* the notice of appeal is entered. We find the legislature, by the use of the words "from" and "held after," intended the 120-day period to start at the *end* of the first regularly scheduled criminal session of superior court which *commenced after* the defendant gave notice of appeal from the district court. Otherwise the legislature would have used the phrase "to be held," rather than "held." The use of the words "held after" indicates both that the session must commence and be concluded after the notice of appeal is given. The 28 May 1979 criminal session was a one-week session. There being nothing before us to the contrary, we find the session concluded on Friday, 1 June 1979. Therefore, the 120-day period under the statute commenced on 2 June 1979.

Defendant's motion to dismiss, filed 26 June 1979, the hearing upon it held 30 July 1979 and 2 August 1979, and the order of 2 August 1979 dismissing the case all occurred well within the applicable 120-day period beginning 2 June 1979. It follows that the trial court erred in dismissing the case prior to the expiration of the 120-day period.

[4] The question now arises, when must the defendant be tried upon the charge following the remand of this case to the superior court? The Speedy Trial Act does not address this fact situation. We are of the opinion and so hold that where criminal charges are erroneously dismissed upon a defendant's motion under the Speedy Trial Act and the court's ruling is thereafter reversed by the appellate division, trial of the case must begin within 120 days (90 days beginning 1 October 1980) after the opinion of the appellate division is certified to the superior court. It would be manifestly unfair to the state to refer back to the original start of the time period because, as in this case, a large proportion of the period ordinarily passes before a motion to dismiss is filed. 120 days (90 days beginning 1 October 1980) is not an unreasonable length of time within which to recalendar and begin the trial of a criminal charge following appellate review. We are aware that N.C.G.S. 15A-701(a)(5) requires that a retrial begin within 60 days after the action resulting in a new trial becomes final following appeal. But that section deals with a case that has been tried to a conclusion and the parties are not faced with the same task of preparation for trial as in cases that have been dismissed without

trial. We think the longer period is appropriate under the circumstances of this case.

The order of the superior court dismissing the case is reversed and the case is remanded to the superior court of Rutherford County for further proceedings.

Reversed and remanded.

Judges PARKER and HILL concur.