STATE OF NORTH CAROLINA v. JOHN WAYNE HUNTER

No. 804SC256

(Filed 16 September 1980)

1. **Constitutional Law § 34; Criminal Law § 26.5– acquittal of child abuse — conviction of child neglect — no double jeopardy**

    Defendant was not denied his right against double jeopardy by his conviction in superior court of child neglect in violation of G.S. 14-316.1 after a judgment of nonsuit was entered in a prosecution of defendant in the district court for child abuse in violation of G.S. 14-318.2.

2. *Constitutional Law § 50– delay because of another charge — speedy trial*

    Defendant's trial in superior court on a child neglect charge did not violate the speedy trial provisions of G.S. 15A-701 where defendant gave notice of appeal from the district court to the superior court on 26 April 1979; the end of the first regularly held criminal session of superior court in the county after defendant gave notice of appeal was on 10 May 1979; prosecution of the child neglect charge in the superior court was delayed because of a child abuse charge pending against defendant in the district court; defendant was acquitted on the child abuse charge on 10 September 1979; the 122 days which elapsed between 10 May and his trial on the child abuse charge on 10 September are excluded from the time running against the State pursuant to G.S. 15A-701(b)(1)b; and defendant's trial for child neglect on 19 November occurred 70 days after the child abuse trial.

State v. Hunter

3. **Criminal Law § 169.3– incompetent evidence admitted over objection — same evidence admitted without objection**

When incompetent evidence is admitted over objection, but the same evidence has theretofore or is thereafter admitted without objection, the benefit of the objection is ordinarily lost.

4. **Parent and Child § 2.2– child neglect — acting in loco parentis**

The State's evidence in a prosecution for child neglect was sufficient to permit a jury finding that defendant was acting in *loco parentis* to the child where it tended to show that defendant, the child's mother and the child were living together; defendant told a witness that the child was his; and defendant told a witness that he had disciplined the child by spanking and that he and the child's mother were the only two people who cared for the child.

5. **Parent and Child § 2.2– child neglect — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for child neglect where it tended to show that the child and his mother lived with defendant; defendant and the child's mother were the only two people who cared for the child; a witness observed various facial injuries to the child between September 1978 and January 1979; defendant stayed home from work on the 23rd, 24th, 25th and 26th of January 1979; the child was taken to a hospital on 27 January; the examining physician found that the child was emaciated, malnourished, dehydrated and did not make any active movement of his extremities; the physician observed swelling of the child's right eye, bruises on his ear, chest, face, back and bottom, and that a tooth was missing; x-rays revealed fractures of the skull, ribs, wrists and legs; the child was six pounds below average weight for a nine month old child and was hospitalized for 29 days; and the physician was of the opinion that the child was not able to move enough to fall and that the injuries did not appear to be caused by accidental means.

APPEAL by defendant from *Llewellyn, Judge.* Judgment entered 20 November 1979 in Superior Court, ONSLOW County. Heard in the Court of Appeals 26 August 1980.

Defendant was charged in an arrest warrant, proper in form, for the offense of child neglect in violation of G.S. 14-316(a) (Case No. 79-CrS-2032). On the same day, defendant was also charged in another arrest warrant, proper in form, for the offense of child abuse in violation of G.S. 14-318.2 (Case No. 79-Cr-2031). Pursuant to a plea negotiation in District Court, defendant pleaded guilty to the offense of child neglect. The State voluntarily dismissed the child abuse case. Defendant gave notice of appeal to the Superior Court in the child neglect case. The district attorney reopened the child abuse case and sent it to the Superior Court along with the case on appeal.

After remand from the Superior Court, the child abuse case was disposed of favorably to defendant in the District Court when the court entered judgment as of nonsuit in the case on 10 September 1979.

The case *sub judice* was re-calendared for 8 October 1979 in Superior Court. Defendant failed to appear and was arrested thereafter on 18 October 1979. A waiver of arraignment was entered on 5 November 1979, and trial began on 19 November 1979.

Prior to trial, defendant filed a motion to dismiss the charge based upon the State's failure to grant defendant a speedy trial under the Speedy Trial Act. G.S. 15A-701. In opposition to defendant's motion, the district attorney asserted that the State failed to prosecute the child neglect case in Superior Court until the child abuse case had been disposed of in District Court, so as to avoid duplicity of trial. No motions for a speedy trial were filed by defendant prior to his trial date on 19 November. The trial judge denied defendant's motion to dismiss for failure to comply with the Speedy Trial Act. Defendant was convicted on the charge of child neglect and received an active sentence of not less than 18 months nor more than 24 months in prison.

Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*Frazier & Moore, by Thomasine E. Moore, for defendant appellant.*

ERWIN, Judge.

Defendant brings forward assignments of error in his brief and contends that at least three of them are prejudicial to the extent that defendant is entitled to a new trial and that one of them requires that his conviction be reversed and the case against him be dismissed. We do not agree with defendant in any of his assignments of error and find no prejudicial error in his trial.

[1] Defendant contends that the conviction in his case violates the double jeopardy provisions of the United States and North Carolina Constitutions. The record reveals that defendant did not raise the question of double jeopardy at his trial. On appeal, defendant contends that "Subsection (7)" of G.S. 15A-1446(d) would permit the double jeopardy question to be considered upon appellate review even though no objection, exception, or motion was made at trial. We note that Subdivision (7) of Subsection (d) of the statute in question was repealed a few months before defendant's trial; therefore, defendant cannot rely on a statute that was repealed before the offense complained of was committed. "The general rule is that the defense of double jeopardy is not jurisdictional. . . . It is a defense personal to the defendant." *State v. McKenzie*, 292 N.C. 170, 175, 232 S.E. 2d 424, 428 (1977).

Assuming arguendo that the issue was properly before us, the record does not reveal error. The child abuse statute, G.S. 14-318.2(a), reads as follows:

"§ 14-318.2. *Child abuse a general misdemeanor.* — (a) Any parent of a child less than 16 years of age, or any other person providing care to or supervision of such child, who inflicts physical injury, or who allows physical injury to be inflicted, or who creates or allows to be created a substantial risk of physical injury, upon or to such child by other than accidental means is quilty of the misdemeanor of child abuse."

This statute is to be compared with G.S. 14-316.1(a) which read as follows before its 1979 amendment:

"§ 14-316.1. *Neglect by parents; encouraging delinquency by others; penalty.* — (a) A parent, guardian, or other person having custody of a child, who omits to exercise reasonable diligence in the care, protection, or control of such child or who knowingly or wilfully permits such child to associate with vicious, immoral or criminal persons, or to beg or solicit alms, or to be an habitual truant from school, or to enter any house of prostitution or assignation, or any place where gambling is carried on, or to enter any place

which may be injurious to the morals, health, or general welfare of such child, and any such person or any other person who knowingly or wilfully is responsible for, or who encourages, aids, causes, or connives at, or who knowingly or wilfully does any act to produce, promote, or contribute to, any condition of delinquency or neglect of such child shall be guilty of a misdemeanor."

The gravamen of the offense under the neglect statute, G.S. 14-316.1(a) (as existed prior to the 1979 amendment), is the failure to exercise reasonable diligence in the care, protection, or control of the child. The former statute, G.S. 14-318.2(a), contemplates active, purposeful conduct. The latter deals with passive, neglectful conduct. The District Court in nonsuiting the abuse charge shows nothing except that the court found that the evidence was insufficient in some respect to support a conviction for violation of G.S. 14-318.2(a). G.S. 14-316.1(a) describes a separate, additional offense, not precluding other sanctions or remedies. We overrule this assignment of error.

[2] In his second assignment of error, defendant contends that his trial and conviction violate the speedy trial provisions of G.S. 15A-701.

G.S. 15A-701(b) provides in pertinent part:

"(b) The following periods shall be excluded in computing the time within which the trial of a criminal offense must begin:

(1) Any period of delay resulting from other proceedings concerning the defendant including, but not limited to, delays resulting from

. . . .

b. Trials with respect to other charges against the defendant . . ."

The statutory exclusion of time is unqualified in its terms. There is no dispute that defendant was charged with another

State v. Hunter

offense. Defendant waived joinder of the two offenses by failing to move for such as required by G.S. 15A-926(c)(1). Notice of appeal to the Superior Court was given on 26 April 1979. The end of the first regularly held criminal session of Superior Court in Onslow County after notice of appeal was given was on 10 May 1979. *See State v. Morehead,* 46 N.C. App. 39, 264 S.E. 2d 400 (1980). The date on which defendant was tried and acquitted on the child abuse charge was 10 September 1979. The result is that the 122 days which elapsed between 10 May and 10 September 1979 are excluded from the time running against the State. Defendant was tried on 19 November 1979, 70 days after the child abuse trial was held. We find no merit in this assignment of error.

**[3]** In defendant's third assignment of error, he contends that the trial court committed error when it refused to strike an answer given by witness Darryl Ramsey of the Onslow County Sheriff's Department. Defendant contends that the answer was not responsive to the question, was argumentative, and may have been hearsay. The record reveals that Dr. Knox testified without objections to the same injuries and conditions of the child, Michael Darbey, as witness Darryl Ramsey. State's witness, Connie Sayers, had testified before witness Ramsey that, "In January, Mr. Hunter and Mrs. Darbey were living at the Erney Grodsinger's Apartments. Prior to the period of time in September through January of 1979, no one that I know of kept the child other than the defendant and Mrs. Darbey." "The well established rule in this State is that 'when incompetent evidence is admitted over objection, but the same evidence has theretofore or thereafter been admitted without objection, the benefit of the objection is ordinarily lost . . . .'" *State v. Van Landingham,* 283 N.C. 589, 603, 197 S.E. 2d 539, 548 (1973). We overrule this assignment of error.

Defendant's sixth assignment of error is in effect a motion for judgment of nonsuit, regardless to how he labels it. *State v. Glover,* 270 N.C. 319, 154 S.E. 2d 305 (1967); *State v. Smith,* 40 N.C. App. 72, 252 S.E. 2d 535 (1979). Defendant contends that the State's case fails in three respects: (1) defendant "was not in *locus* [sic] *parentis* relationship with the child"; (2) defendant's "connection with the child's physical injuries was not shown in

the evidence"; and (3) defendant's "responsibility for the child's condition was not shown in the evidence." A motion for judgment as in case of nonsuit requires the evidence to be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom.

[4] Some of the evidence with respect to defendant acting *in loco parentis* shows that defendant and Mrs. Darbey, the child's mother, and the victim, Michael, had been living together since September 1978 and that no one kept the child other than defendant and the child's mother. Defendant told the witness, Mrs. Sayers, that the baby was his. Defendant permitted the baby's mother to live with him in his room. Defendant also admitted to witness Merritt that he had disciplined the child by spanking and that he and the child's mother were the only two people who cared for the child. This evidence gave rise to a reasonable inference that defendant supported the child at least to the extent of letting the child live in his room with his mother. To us, the evidence was sufficient to submit the case to the jury on the question of whether defendant was a person acting "*in loco parentis.*"

[5] The evidence tended to show that defendant frequently stayed home from work and was specifically out of work on the 23rd, 24th, 25th, and 26th of January 1979 because of sickness. The child was taken to the hospital on 27 January 1979. Mrs. Sayers testified that she observed various facial injuries to the child between September 1978 and January 1979. Dr. Knox testified that upon examination, she found the child was emaciated, malnourished, dehydrated, and did not make any active movement of his extremities. Swelling of his right eye, bruises of his ear, chest, face, back, and bottom were also observed by Dr. Knox. X-rays revealed fractures of the skull, ribs, both wrists, and legs, Further, a tooth was missing. Dr. Knox was of the opinion that the child was not able to move enough to fall and that the injuries did not appear to be caused by accidental means. The baby was six pounds below average weight and was hospitalized for 19 days.

This evidence was sufficient to take the case to the jury on the question of defendant's neglect of the child by failure to

exercise reasonable diligence in the care, protection, or control of this child. G.S. 14-316.1(a).

We have considered each of defendant's other assignments of error and find them to be totally without merit.

In the trial of defendant, we find

No error.

Judges ARNOLD and WELLS concur.