TEDDY GLENN POLLARD v. EUGENE PADEN SMITH, AND EUGENE PADEN SMITH, ADMINISTRATOR OF THE ESTATE OF MARGARET ELIZABETH SMITH

No. 873SC788

(Filed 21 June 1988)

**Subrogation § 1; Master and Servant § 89.4— injury to highway patrolman—settlement with third party—distribution of settlement proceeds**

In an action in which a highway patrolman was injured and received $17,000 from the Department of Crime Control and Public Safety for lost time and medical expenses, the trial court did not err by disbursing the entire $25,000 settlement between the patrolman and defendant to the patrolman and giving the Department nothing on its subrogation interest. N.C.G.S. § 97-10.2(j) clearly provides for a different standard of disbursement for cases before the Superior Court than for cases before the Industrial Commission and gives the trial judge unbridled discretion to order the distribution of settlement proceeds as he deems equitable, notwithstanding the provisions of N.C.G.S. § 97-10.2(f). Furthermore, N.C.G.S. § 97-10.2(j) makes no provision for notice to the employer or the insurance carrier, and there was no error in conducting the hearing on disbursement of proceeds without giving notice and an opportunity to be heard to the Department.

APPEAL by North Carolina Department of Crime Control and Public Safety from *Phillips, Judge.* Order entered 18 May 1987 in Superior Court, CARTERET County. Heard in the Court of Appeals 7 January 1988.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Victor H. E. Morgan, Jr., for appellant.*

*Marvin Blount, Jr., and Albert Charles Ellis for plaintiff appellee.*

COZORT, Judge.

In March of 1985, the plaintiff, a highway patrolman employed by the North Carolina Department of Crime Control and Public Safety (the Department), was injured in an automobile accident in which Margaret Elizabeth Smith was killed. The Department paid approximately $17,000.00 for lost time and medical expenses.

In April of 1985, plaintiff sued the defendant administrator of the estate of Margaret Smith, alleging that the negligence of Margaret Smith was the proximate cause of the injuries suffered by plaintiff in the collision. In his answer, defendant denied negligence and counterclaimed. In September of 1986, the Department notified plaintiff's counsel of the Department's subrogation interest for the $17,000.00 paid in benefits. In May of 1987, plaintiff's case was calendared for trial and counsel for plaintiff and defendant executed an Order on Pre-Trial Conference. Shortly thereafter, on or about 18 May 1987, plaintiff petitioned the court for disbursement of settlement funds pursuant to N.C. Gen. Stat. § 97-10.2(j), notifying the court in said petition that plaintiff and defendant had agreed to settle plaintiff's action by defendant's paying to plaintiff $25,000.00. On 18 May 1987, after a hearing, the trial court entered an order disbursing the entire $25,000.00 to plaintiff, giving the Department nothing on its subrogation interest. The Department did not receive notice of the hearing and was not present. The Department appealed.

This case is controlled by N.C. Gen. Stat. § 97-10.2, the section of the Workers' Compensation Act which sets forth the rights and interests of the employee, the employer, and the employer's insurance carrier, if any, when there is a cause of action

for damages against a third party. The Department contends that distribution of the settlement proceeds in the case below is governed by § 97-10.2(f) which sets the order of priority for disbursement by the *Industrial Commission* under certain conditions:

(f) (1) If the employer has filed a written admission of liability for benefits under this Chapter with, or if an award final in nature in favor of the employee has been entered by the Industrial Commission, then any amount obtained by any person by settlement with judgment against, or otherwise from the third party by reason of such injury or death shall be disbursed by order of the Industrial Commission for the following purposes and in the following order of priority:

a. First to the payment of actual court costs taxed by judgment.

b. Second to the payment of the fee of the attorney representing the person making settlement or obtaining judgment, and except for the fee on the subrogation interest of the employer such fee shall not be subject to the provisions of § 90 of this Chapter [G.S. 97-90] but shall not exceed one third of the amount obtained or recovered of the third party.

c. Third to the reimbursement of the employer for all benefits by way of compensation or medical treatment expense paid or to be paid by the employer under award of the Industrial Commission.

d. Fourth to the payment of any amount remaining to the employee or his personal representative.

If the trial court below had followed the order of priority set forth in § 97-10.2(f), the Department would have been compensated for the benefits it paid to plaintiff.

Plaintiff contends that the trial court was correct in not following the priority order in subsection (f). Plaintiff contends the controlling statute is § 97-10.2(j), which reads:

(j) In the event that a judgment is obtained which is insufficient to compensate the subrogation claim of the Workers' Compensation Insurance Carrier, or in the event

that a settlement has been agreed upon by the employee and the third party when said action is pending on a trial calendar and the pretrial conference with the judge has been held, either party may apply to the resident superior court judge of the county in which the cause of action arose or the presiding judge before whom the cause of action is pending, for determination as to the amount to be paid to each by such third party tort-feasor. If the matter is pending in the federal district court such determination may be made by a federal district court judge of that division.

Plaintiff contends in his brief that subsection (j) gives the trial judge "unbridled discretion to order the distribution of settlement proceeds as he deems equitable, notwithstanding the provisions of subsection (f)." If subsection (j) is not read that way, plaintiff argues, then it would serve absolutely no purpose. We agree with plaintiff's contention and affirm the trial court's order.

Subsection (j) is clear and unambiguous, and must be given effect. Judicial interpretation of a statute is inappropriate when the Legislature has made clear its intent. *Pipeline Co. v. Clayton, Comr. of Revenue*, 275 N.C. 215, 226, 166 S.E. 2d 671, 679 (1969). The section clearly provides for a different standard for disbursement when the case is before the Superior Court than that for cases before the Industrial Commission. When the General Assembly added subsection (j), it made no reference to subsection (f).

When the General Assembly amends an existing statute, as opposed to merely clarifying existing law, a presumption arises that the Legislature intended to change existing law by creating or taking away rights or duties. *Childers v. Parker's, Inc.*, 274 N.C. 256, 260, 162 S.E. 2d 481, 483 (1968).

We realize that subsection (j) allows plaintiff a double recovery at the expense of the employer or carrier, in the discretion of the Superior Court judge. Nonetheless, since the language is clear and unambiguous, we must hold that the Legislature intended this possible result.

The Department also contends that it was error for the trial court to conduct the hearing without giving notice and an opportunity to be heard to the Department. We find no merit to this argument.

Subsection (j) makes no provision for notice to the employer or the insurance carrier. If the General Assembly had intended for the employer to receive notice of the hearing, it could have made provisions for it. For example, in subsection (c), the Legislature preserved the right of the employer to proceed against the third party when the employee has not done so. Subsection (d) preserves the right of the employer to pursue the action when the employee is uncooperative. Subsection (e) gives the employer the right to appear fully in the cause if the third party alleges joint and concurrent negligence of the employer. Subsection (j) makes no such provision, and we must read the omission as being intentional.

The order of the trial court is

Affirmed.

Judges PARKER and GREENE concur.