DOUGLAS WAYNE WILLIAMS, AN INCOMPETENT, BY C. D. HEIDGERD, GUARDIAN AD LITEM v. INTERNATIONAL PAPER CO., RICHMOND GRAVURE, INC., CHESTER LITTLE, D/B/A CUSTOM PAVERS AND COATING CO., INC., AND CORPOREX CONSTRUCTORS, INC.

No. 257PA88

(Filed 27 June 1989)

1. **Master and Servant § 79— tort action by employee against third parties—allegation that employer liable—employer entitled to jury trial**

    An employer was entitled to a jury trial on the issue of joint and concurrent negligence where plaintiff was an employee who was injured when he stepped through a loose roofing panel; plaintiff was paid workers' compensation benefits; plaintiff filed a separate action against third parties; the third parties alleged the joint and concurring negligence of plaintiff's employer; and, following an out-of-court settlement between plaintiff and both defendants, the defendants applied for a hearing pursuant to N.C.G.S. § 97-10.2(j) to determine the amount of settlement proceeds required to be paid to the employer/compensation carrier. N.C.G.S. § 97-10.2(e) (1985) clearly grants an employer a right to have a jury determine the issue of the employer's joint and concurrent negligence, and the settlement between plaintiff and defendants, to which the employer was not a party, neither extinguished the employer's right to a jury trial nor settled the issue of the employer's negligence.

    **Am Jur 2d, Jury § 39; Negligence § 22.**

2. **Master and Servant § 69.3— workers' compensation—settlement between plaintiff and third parties—no consent by employer—settlement void**

    A settlement between plaintiff and defendants in an action arising from plaintiff's fall through a roof which was entered into without the written consent of plaintiff's employer, which had paid plaintiff workers' compensation benefits, was void under N.C.G.S. § 97-10.2(h) (1985).

    **Am Jur 2d, Compromise and Settlement § 21.**

ON discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 89 N.C. App. 256, 365 S.E. 2d 724 (1988), reversing and remanding a judgment entered by *Farmer, J.,* on 29 December 1986, in Superior Court, WAKE County. Heard in the Supreme Court 15 March 1989.

*Johnny S. Gaskins for plaintiff-appellant.*

*Young, Moore, Henderson & Alvis, P.A., by Walter E. Brock, Jr., for defendant-appellant Corporex Constructors, Inc.*

*John E. Aldridge, Jr., for defendant-appellant Custom Pavers and Coating Co., Inc.*

*Rodney Dean for St. Paul Fire and Marine Insurance Company.*

FRYE, Justice.

This case is before this Court upon grant of a petition by plaintiff Douglas Wayne Williams and defendants Corporex Constructors, Inc. (hereinafter Corporex), and Chester Little, d/b/a Custom Pavers and Coating Company, Inc. (hereinafter Little), for discretionary review of a decision of the Court of Appeals reversing a judgment of the superior court determining the amount to be paid to plaintiff from the proceeds of a settlement upon which the employer/compensation carrier claimed a lien under the North Carolina Workers' Compensation Act, N.C.G.S. § 97-10.2.

The issue before this Court, based on the Court of Appeals' decision, is whether an employer is entitled to a jury trial on the issue of employer negligence under N.C.G.S. § 97-10.2(e) in a tort action brought by an injured employee against third parties who allege that the employer is jointly and concurrently liable for the employee's injuries. The answer is yes. We find it necessary, however, to examine the additional issue of whether a settlement was reached between the parties under subsection (j) of N.C.G.S. § 97-10.2 prior to the pretrial conference. The answer is no. The parties have raised other questions which are not necessary to decide in this case.

Plaintiff Williams was an employee of Midwestern Commercial Roofers, Inc. (hereinafter Midwestern), a subcontractor replacing the roof of a building in Raleigh. On 12 October 1983,

Midwestern stopped work to wait for the replacement of damaged roofing panels. Corporex, the general contractor, and Little, a subcontractor, were responsible for the repair of the damaged roof. Corporex's superintendent assured Midwestern's foreman that the repairs would be completed in time for Midwestern's crew to return the following morning. Little had replaced the damaged panels but Corporex failed to weld them in place due to an inoperative welding machine.

Midwestern's crew arrived early on the morning of 13 October 1983. After Midwestern's foreman and other members of the crew examined the panels, the crew began work and placed styrofoam over the roof. While plaintiff was carrying a hoist across the roof, he stepped on one of the unwelded panels which collapsed under him and caused him to fall thirty feet through the roof onto the concrete floor of the building. Plaintiff suffered extensive and permanent injuries as a result of the fall.

Midwestern's workers' compensation carrier, St. Paul Fire and Marine Insurance Company (hereinafter St. Paul), paid in excess of $520,000 in workers' compensation benefits. Plaintiff filed a separate civil suit against Corporex, Little, International Paper Company and Richmond Gravure, Inc., alleging joint and several liability for negligence. International Paper Company and Richmond Gravure, Inc., were later dismissed from the action. Defendants Corporex and Little filed answers, which were duly served upon Midwestern, alleging that the joint and concurring negligence of Midwestern was a *pro tanto* bar to the employer/carrier's compensation lien on the proceeds of the civil suit. Following an out-of-court settlement between plaintiff and both defendants, the defendants applied for a hearing pursuant to N.C.G.S. § 97-10.2(j) requesting a determination by the trial court of the amount of settlement proceeds required to be paid to the employer/compensation carrier.

During the hearing, the trial court determined that pursuant to N.C.G.S. § 97-10.2(j) it was authorized to hear the matter and to determine the issue of Midwestern's alleged negligence in causing the accident. The trial court, without a jury, determined that Midwestern was jointly and concurrently negligent in causing plaintiff's injury and that the employer/compensation carrier was not entitled to recover any amount from the settlement. The trial

court concluded that N.C.G.S. § 97-10.2(j) superseded § 97-10.2(h). From the decision of the trial court, the employer/compensation carrier appealed to the Court of Appeals.

The Court of Appeals reversed and remanded the action to the trial court. The Court of Appeals held that the lower court erroneously decided the issue of employer negligence without a jury since subsection (e) rather than subsection (j) of N.C.G.S. § 97-10.2 controlled and, under subsection (e), the employer was entitled to have a jury decide the issue. Plaintiff and defendants Corporex and Little petitioned this Court for discretionary review which was allowed 7 September 1988.

[1]   We agree with the Court of Appeals that in a tort action brought by an injured employee against third parties who allege that the employer is jointly and concurrently liable for the employee's injuries, the employer is entitled to a jury trial on the issue of employer negligence under N.C.G.S. § 97-10.2(e). N.C.G.S. § 97-10.2(e) provides:

> If the third party defending such proceeding, by answer duly served on the employer, sufficiently alleges that actionable negligence of the employer joined and concurred with the negligence of the third party in producing the injury or death, then an issue shall be submitted to the jury in such case as to whether actionable negligence of [the] employer joined and concurred with the negligence of the third party in producing the injury or death. The employer shall have the right to appear, to be represented, to introduce evidence, to cross-examine adverse witnesses, and to argue to the jury as to this issue as fully as though he were a party although not named or joined as a party to the proceeding. Such issue shall be the last of the issues submitted to the jury.

N.C.G.S. § 97-10.2(e) (1985). Subsection (e) clearly grants an employer a right to have a jury determine the issue of the employer's joint and concurrent negligence. This subsection grants the employer a right to appear and argue before a jury in defense of an allegation of joint and concurring negligence even though the employer is not named as a party to the action.

Plaintiff filed a civil action against defendants—third-party tortfeasors. Defendants filed individual answers alleging joint and

concurring negligence on the part of plaintiff's employer, Mid-western, as a *pro tanto* bar to St. Paul's workers' compensation lien. Plaintiff, in his complaint, defendant Little, by his answer, and defendant Corporex, by an amended answer, requested a jury trial on the issue of employer negligence. Prior to the pretrial conference, plaintiff and defendants Corporex and Little entered into a settlement of plaintiff's civil claim. The employer/carrier was not a party to the settlement. Subsequently, defendants requested a hearing pursuant to N.C.G.S. § 97-10.2(j) for the trial court to determine the amount of the settlement proceeds to be received by the employer/carrier.

Notwithstanding the failure of counsel for St. Paul to argue the issue of the right to a jury trial during the pretrial conference or to request a jury trial during the settlement hearing, the Court of Appeals correctly held that subsection (e) rather than subsection (j) controls the instant case. Once the third-party defendant duly serves upon the employer a sufficient allegation of employer negligence joining and concurring with that of the third party in producing the injury, "an issue shall be submitted to the jury . . . ." N.C.G.S. § 97-10.2(e) (1985). There has been no showing that the employer consented to a waiver or withdrawal of the initial demand by defendants and plaintiff for a jury trial. The settlement between the plaintiff and defendants, to which the employer was not a party, neither extinguished the employer's right to trial by jury nor did it settle the issue of the employer's negligence. For these reasons, we agree with the Court of Appeals that, in accordance with N.C.G.S. § 97-10.2(e), the employer/carrier is entitled to a jury trial on the issue of joint and concurring negligence.

[2] We also find it necessary to address an issue not decided by the Court of Appeals, i.e., whether the settlement entered into by plaintiff and the defendants is valid under N.C.G.S. § 97-10.2.

The trial court concluded that it had the authority under N.C.G.S. § 97-10.2(j) to determine the division of the settlement proceeds and concluded that the employer was not entitled to any of the settlement proceeds. However, the trial court incorrectly concluded that subsection (j) superseded subsection (h) which requires the written consent of both the employee and the employer before a settlement may be reached. *Pollard v. Smith*, 324 N.C.

424, 378 S.E. 2d 771 (1989). N.C.G.S. § 97-10.2(h) details the proper procedure for the settlement of a claim against a third party:

> In any proceeding against or settlement with the third party, every party to the claim for compensation shall have a lien to the extent of his interest . . . upon any payment made by the third party by reason of such injury or death . . . . Neither the employee or his personal representative nor the employer shall make any settlement with or accept any payment from the third party without the *written consent of the other* and no release to or agreement with the third party shall be valid or enforceable for any purpose unless both employer and employee or his personal representative join therein . . . .

N.C.G.S. § 97-10.2(h) (1985) (emphasis added). This statute, by its terms, makes it clear that neither the employer nor the employee may make a valid settlement without the written consent of the other. Midwestern, plaintiff's employer, did not give its written consent to the settlement between plaintiff employee and the third parties Corporex and Little. Therefore, the settlement was not in compliance with N.C.G.S. § 97-10.2(h). N.C.G.S. § 97-10.2(j) does not supersede § 97-10.2(h) and subsection (j) should be read *in pari materia* with the other provisions of the statute. *Pollard v. Smith*, 324 N.C. 424, 378 S.E. 2d 771 (1989). We hold that the settlement reached by plaintiff and defendants Corporex and Little without the written consent of Midwestern is void. *Id.*

For these reasons, we affirm the decision of the Court of Appeals to the extent of its holding that the trial court erroneously decided the issue of employer negligence without a jury and that the employer/carrier was entitled to have a jury pass on the issue pursuant to N.C.G.S. § 97-10.2(e). We also hold that the trial judge erred by approving the settlement reached by the parties without the consent of the employer pursuant to N.C.G.S. § 97-10.2(h). The decision of the Court of Appeals is therefore modified and affirmed.

Modified and affirmed.